DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY.

## AT NOVEMBER TERM, 1858.

---

### THE COMMERCIAL INSURANCE COMPANY *vs.* GEORGE W. HALLOCK.

1. The acceptance of a proposition to insure completes the contract between the insurer and the insured; and when the policy is sent by mail to the agent of the company for delivery, the contract cannot be rescinded without the consent of the party insured.

2. Where a risk is to commence previous to the date of the policy, and the property is destroyed before the policy is actually executed and delivered, if there is no fraud or concealment by the party insured, the company will be as much bound as if the loss occurred after the delivery of the policy.

---

In error to the Supreme Court

A suit was brought in the Hudson Circuit Court, by George W. Hallock against the Commercial Insurance Company, to recover upon a policy of insurance.

On the trial at the circuit the court directed that a verdict should be taken for the plaintiff, with liberty to make a special case for the opinion of the Supreme Court, or turn it into a special verdict, at the instance of either

party, within ninety days after the judgment of the Supreme Court should be rendered and entered.

The Supreme Court decided in favor of the plaintiff below, and ordered that judgment should be entered on the verdict. 2 *Dutcher* 268.

*I. W. Scudder* and *Bradley*, for plaintiffs in error.

*Zabriskie*, for defendant.

The opinion of the court was delivered by

ELMER, J. The action in this case was *assumpsit* upon a policy of insurance not sealed. No question, therefore, arises in regard to a formal delivery of the writing. The true question is, was the policy, under the circumstances set forth in the special verdict, complete, so that the company had no right to cancel or withhold it upon receiving information that the property had been burned, or for any other reason, before it had been received by the assured. If the policy ever took effect, the plaintiff's right of action was complete.

It was insisted, for the plaintiff in error—first, that Breck, who received the premium, had no right to insure or to bind the company. But admitting this to be so, it appears that the proper officers accepted the terms proposed through him, and signed the policy on the 13th of March, and forwarded it by mail to him for the assured. It being well and satisfactorily established as law that the acceptance of a proposition, and the sending notice thereof by mail, complete the bargain, although the letter never reaches its destination, (1 *Parsons on Con.* 407,) it follows that the company was bound by what they did on that day, and had no power afterwards to revoke. The contract was complete when the proposition made on the one side was finally accepted on the other, of which the letter written by the secretary is the evidence. The mere execution of the policy would have been equally binding

Commercial Insurance Co. v. Hallock.

without any such letter, had it been otherwise satisfactorily proved to have been meant to be complete. The writing would then have become the property of the assured; and if withheld he might have maintained his action of *trover*; or, as in this case, *assumpsit*, upon proof of the contents. *Angell L. and F. Ins.*, § 31. There is nothing in the letter itself, or in any of the other facts found, tending to show that, when the policy was signed, and mailed to Breck, it was meant to be subject to any future action on either side. It was as much the property of the assured, and the premium paid, the property of the company, before it was delivered as it would have been had the policy reached the hands of the person for whom it was designed.

The point most relied on for the plaintiffs in error was, that inasmuch as the property insured turned out to have been burned before the policy was executed, the company were not bound by their acceptance of the plaintiff's offer, made in ignorance of that fact. Had they only undertaken to insure from and after the making of the policy, no action could have been maintained for a prior loss; but, upon referring to its terms, it appears that they expressly engaged to insure the premises from the 10th of March, which was before the fire. It was like the insurance of a vessel lost or not lost. This is not only the plain meaning of the writing, but it satisfactorily appears that both parties so intended. There is no allegation of fraud or concealment; and the company, having unequivocally agreed to take the risk of a fire having occurred subsequent to the time specified, and having received the premium for so doing, cannot allege that they acted under a mistake.

In my opinion the judgment must be affirmed.

*For affirmance*—The CHANCELLOR, and Judges ELMER, HAINES, CORNELISON, SWAIN, and WOOD.

*For reversal*—Judge VALENTINE.

CITED *in Water Com'rs Jersey City* v. *Brown*, 3 *Vr.* 511; *Potts* v. *Whitehead* 5 *C. E. Gr.* 59.